**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard N. Roberts, | No. CV-19-01688-PHX-DWL |
| Appellant, | **ORDER** |
| v. | |
| Joan Kathryn Livdahl, | |
| Appellee. | |

Pending before the Court is the parties' Joint Motion to Stay Proceedings to Allow for Completion of Settlement (Doc. 5.)  The parties aver that they "are in settlement discussions and a stay through July 8, 2019 will allow them to finalize a settlement agreement."  (Doc. 5 at 1.)

A stay is "not a matter of right," but is rather "an exercise of judicial discretion," the propriety of which "is dependent upon the circumstances of the particular case." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  In the case of a joint motion, the parties share that burden.  In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court "has an interest in managing judicial resources by preventing inactive

cases from remaining indefinitely on its docket," *United States v. Grantham*, 2018 WL 3239938, *2 (S.D. Cal. 2018), and therefore the parties must demonstrate that other factors outweigh this interest to prevail in seeking a stay. Settlement discussions will seldom suffice. The Court follows a general rule of not extending deadlines to allow parties to pursue settlement efforts. *See* http://www.azd.uscourts.gov/sites/default/files/judge-orders/DWL%20Case%20Management%20Order.pdf. Likewise, in most cases, the Court does not consider pursuing settlement discussions to be an adequate justification for a stay.

The joint motion to stay will therefore be denied without prejudice. If the parties have reached a settlement and merely need more time to finalize it, they should file a notice of settlement.[1] Alternatively, if the parties believe they have an adequate justification for a stay or a further extension of the briefing schedule, they may file another motion.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Stay Proceedings to Allow for Completion of Settlement (Doc. 5) is denied.

Dated this 20th day of May, 2019.

_____
Dominic W. Lanza
United States District Judge

---

[1] The parties' motion asserts that "[p]ursuant to LRCiv 40.2, counsel for Roberts has notified the Court by telephone of the pending settlement." (Doc. 5 at 1). LRCiv 40.2 expressly applies only to cases that are set for trial: "When a case set for trial is settled out of Court . . . , it shall be the duty of counsel to inform . . . the chambers of [the presiding judge] immediately." LRCiv 40.2(d). This matter (a bankruptcy appeal) is not set for trial, so LRCiv 40.2 is inapplicable. The Court requires parties to file a notice of settlement when a settlement is pending.